UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| EUGENE SCALIA, Secretary of Labor,<br>United States Department of Labor,<br><br>Plaintiff,[1]<br><br>v.<br><br>BELECO, INC. d/b/a PIZZA PEDDLER;<br>CONCO, INC. d/b/a PIZZA PEDDLER; and<br>PETRO BELEZOS,<br><br>Defendants. | Civil Action No. 20-cv-10044-DJC |

## SECRETARY OF LABOR'S LOCAL RULE 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS

**Jurisdiction**

1. This Court has jurisdiction pursuant to 29 U.S.C. § 217 and 28 U.S.C. § 1331. Defs.' Answer ¶ 1 (ECF No. 8).

**The Defendant Employers and Individual Employer Status**

2. Defendant Beleco, Inc. ("Beleco") is, and at all relevant times was, a company having a place of business located at 127 West Central Street, Natick, Massachusetts 01760, within the jurisdiction of this Court. Defs.' Answer ¶ 2 (ECF No. 8).

3. Beleco is now, and at all relevant times was, engaged at that place of business in the operation of a restaurant. Defs.' Answer ¶ 2 (ECF No. 8).

4. Defendant Conco, Inc. ("Conco") is, and at all relevant times was, a company having a place of business located at 263 Washington Street, Wellesley Hills, Massachusetts 02481, within the jurisdiction of this Court. Defs.' Answer ¶ 3 (ECF No. 8).

5. Conco is now, and at all relevant times was, engaged at that place of business in the operation of a restaurant. Defs.' Answer ¶ 3 (ECF No. 8).

6. Defendant Petro Belezos is an owner and corporate officer of Beleco and Conco (collectively "the Restaurants"). Defs.' Answer ¶ 4 (ECF No. 8).

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Secretary of Labor Martin J. Walsh is automatically substituted as the proper Plaintiff in this case.

1

7. Belezos transacts substantial business on a continuous and systematic basis in this judicial district, within the jurisdiction of this Court. Defs.' Answer ¶ 4 (ECF No. 8).

8. The claims against Belezos in this case arise out of and are directly related to his business activities in Massachusetts. Defs.' Answer ¶ 4 (ECF No. 8).

9. Belezos has certain control over the daily operations of the Restaurants, including by hiring employees, setting their hours of work, and making determinations regarding their rates of pay. Defs.' Answer ¶ 4 (ECF No. 8).

10. Belezos is and has been an employer of the Restaurants' employees within the meaning of Section 3(d) of the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 203(d). Defs.' Answer ¶ 4 (ECF No. 8).

**Enterprise Coverage Under the FLSA**

11. At all relevant times, Defendants were an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r), as they engaged in related activities performed through unified operation or common control for a common business purpose. Defs.' Answer ¶ 5 (ECF No. 8).

12. At all relevant times, Defendants employed employees in the activities of said enterprise, which is engaged in commerce or in the production of goods for commerce, including having employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce. Defs.' Answer ¶ 6 (ECF No. 8).

13. That enterprise, for the years 2015, 2016, 2017, 2018, and 2019 had an annual gross volume of sales made or business done in an amount not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated). Defs.' Answer ¶ 6 (ECF No. 8).

14. The employees in this case have been employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s) of the FLSA, 29 U.S.C. § 203(s). Defs.' Answer ¶ 6 (ECF No. 8).

**Wage and Hour Investigation**

15. The Wage and Hour Division of the United States Department of Labor (the "Wage and Hour Division") investigated Beleco and Petro Belezos under the FLSA for the period from July 30, 2016 through July 29, 2018. Declaration of Cynthia Spahl ¶ 3 ("Spahl Decl.") (Ex. A hereto).

16. During the investigation of Beleco, the Wage and Hour Division gathered facts and documents. Spahl Decl. ¶ 3.

17. The Wage and Hour Division concluded Beleco owes $68,672.43 in overtime pay to ten employees, and an equal amount in liquidated damages. Spahl Decl. ¶ 4.

18. The Wage and Hour Division investigated Conco and Belezos under the FLSA for the period from August 26, 2016 through August 25, 2018. Spahl Decl. ¶ 3.

19. During the investigation of Conco, the Wage and Hour Division gathered facts and documents. Spahl Decl. ¶ 3.

20. The Wage and Hour Division concluded Conco owes $58,210.00 in overtime pay to four employees and an equal amount in liquidated damages. Spahl Decl. ¶ 4.

21. The Wage and Hour Division also concluded Conco owes $26,970.00 in minimum wage back wages to a single employee and an equal amount in liquidated damages. Spahl Decl. ¶ 5.

**Minimum Wage Violations and Back Wage Computations—29 U.S.C. § 206**

22. Employee Nicos Kontis received no compensation from Defendants in any form from August 26, 2016 through August 25, 2018. Pl.'s First Set of Requests for Admission No. 6 ("RFA") (Ex. 2 to Declaration of R. Peter Nessen ("Nessen Decl."), which is Ex. B hereto).[2]

23. Kontis worked sixty hours per week during the period covered by the Conco Investigation. Defs.' Interrogatory Resp. No. 7 (Ex. 3 to Nessen Decl.).

24. The Wage and Hour Division calculated the total minimum wage back wages due to Kontis by applying the applicable federal minimum wage of $7.25 to each of the first 40 hours of work Kontis performed each workweek. Spahl Decl. ¶ 14.

25. The total amount that Defendants Conco and Belezos owe Kontis in minimum wage back wages is $26,970.00, and an equal amount in liquidated damages, for a total of $53,940.00. Spahl Decl. ¶¶ 5, 14.

**Overtime Violations and Back Wage Computations—29 U.S.C. § 207**

26. The employees in this case worked more than forty hours per week. RFA No. 3; Defs.' Resp. to Interrogatory No. 7; Apr. 29, 2021 Deposition of Petro Belezos at 8:20–10:6 ("Belezos Depo.") (Ex. 1 to Nessen Decl.).

---

[2] Pursuant to Federal Rule of Civil Procedure 36(a)(3), once Defendants failed to respond to Plaintiff's Requests for Admission by January 8, 2021, thirty days following the date of service of the Requests, all the Requests were deemed admitted. *See* Nessen Decl. ¶ 4. Those admissions by default are conclusive, even where other evidence may contradict them. *See In re Carney*, 258 F.3d 415, 420 (5th Cir. 2001) ("Since Rule 36 admissions, whether express or by default, are conclusive as to the matters admitted, they cannot be overcome at the summary judgement stage by contradictory affidavit testimony or other evidence in the summary judgment record.").

27. Defendants failed to pay the employees in this case one and one-half times their regular rate of pay for hours worked over forty in a workweek. RFA No. 1.

28. The hours worked by each employee each workweek are as follows:

- Democrito Moll—44 hours per week

- Gilberto Nunes—65 hours per week

- Julio Penso—60 hours per week

- Luis Pinto—60 hours per week

- Fabio Pinto—54.5 hours per week

- Leonardo Camilo—63 hours per week

- Carmen Da Silva—48 hours per week

- Juan Carlos Cruz—51.5 hours per week

- Ricardo Dos Santos—63 hours per week from 2016 through April 2019, and 48 hours per week from April 2019 forward

- Elson Silva—54 hours per week

- Jose Izidoro—60 hours per week

- Nicos Kontis—60 hours per week

- Douglas Martinez—60 hours per week

- Olvin Ortega—60 hours per week

Defs.' Resp. to Interrogatory No. 7; Belezos Depo. at 8:20–10:6.

29. The Wage and Hour Division calculated that Defendants owe their employees a total of $126,882.43 in overtime back wages and an equal amount in liquidated damages, for a total of $253,764.86, for the periods covered by the Beleco Investigation and the Conco Investigation. Spahl Decl. ¶ 6.

30. To calculate the overtime back wages, the Wage and Hour Division performed calculations on a workweek-by-workweek basis. Spahl Decl. ¶ 9.

31. For employees who were paid a lump sum, the Wage and Hour Division first divided the amount paid by Defendants in compensation to each employee for the workweek by the hours Defendants stated their employees worked. Spahl Decl. ¶ 10.

4

32. The Wage and Hour Division determined the lump sum paid to each Beleco employee using Wage and Hour Form WH-55s, which were created during the Beleco Investigation using Beleco's payroll records, as well as payroll records Defendants produced during discovery. Spahl Decl. ¶ 7; Nessen Decl. ¶ 6.

33. The Wage and Hour Division determined the lump sum paid to each Conco employee using Wage and Hour Form WH-55s, which were created during the Conco Investigation using Conco's payroll records, as Defendants did not provide payroll records for Conco during discovery. Spahl Decl. ¶ 8; Nessen Decl. ¶ 7.

34. By dividing the lump sum amount Defendants paid each employee for a workweek by the hours Defendants stated their employees worked, the Wage and Hour Division determined the regular rate of pay for each such employee for that workweek. If Defendants took a tip credit for an employee, the Wage and Hour Division used the Massachusetts state minimum wage in effect at the time as the regular rate of pay for the tipped employee in an overtime workweek, which is consistent with the Wage and Hour Division's practices and the governing regulation. For non-tipped employees who were paid a lump sum and whose rate of pay fell below the Massachusetts state minimum wage in effect, the Wage and Hour Division used the state minimum wage in effect at the time as the employee's regular rate of pay in an overtime workweek, again consistent with the Wage and Hour Division's practices and the governing regulation. Spahl Decl. ¶ 10.

35. The Wage and Hour Division then multiplied one-half each such employee's regular rate of pay by the number of hours worked over 40, in accordance with the hours worked admitted by Defendants, to obtain the half-time overtime premium Defendants owe the employee for that workweek. For non-tipped employees whose rate of pay fell below the applicable regular rate (the Massachusetts state minimum wage) in effect during an overtime workweek, the Wage and Hour Division also calculated back wages owed in an amount equal to the difference between the applicable regular rate in effect and the rate paid to the employee by multiplying that difference by the employee's total work hours, which is consistent with the Wage and Hour Division's practices and the governing regulation. Spahl Decl. ¶ 11.

36. In this way the amount of overtime back wages due to each such employee was calculated for each workweek. Spahl Decl. ¶ 11.

37. For non-tipped employees who were paid an hourly wage, the Wage and Hour Division used that hourly wage as the employee's regular rate of pay. Spahl Decl. ¶ 12.

38. For those employees, the Wage and Hour Division multiplied one-half each employee's regular rate of pay by the number of hours worked over 40, in accordance with the hours worked admitted by Defendants, to obtain the half-time overtime premium Defendants owe the employee for that workweek. Spahl Decl. ¶ 13.

5

39. With respect to the overtime back wages due to employee Nicos Kontis, the Wage and Hour Division used the Massachusetts state minimum wage in effect at the time as Kontis's regular rate of pay for the hours over 40 in a workweek that Defendants admitted Kontis worked. To compute the overtime wages due to Kontis, the Wage and Hour Division multiplied the admitted hours Kontis worked over 40 in a workweek by 1.5 times his regular rate in effect at the time, which is consistent with the Wage and Hour Division's practices and the governing regulation. In addition, the Wage and Hour Division brought Kontis's non-overtime rate up to the applicable regular rate (the Massachusetts state minimum wage) in effect at the time by multiplying the first 40 hours of his work by the difference between the applicable regular rate in effect and the federal minimum wage, again consistent with Wage and Hour Division practices and the governing regulation. Spahl Decl. ¶ 14.

40. Using the foregoing methodologies, the Wage and Hour Division calculated that Defendants owe the following employees the following overtime back wages:

- Democrito Moll—$436.36 in unpaid overtime premiums

- Gilberto Nunes—$18,417.07 in unpaid overtime premiums

- Julio Penso—$4,624.58 in unpaid overtime premiums

- Luis Pinto—$2,000.00 in unpaid overtime premiums

- Fabio Pinto—$8,399.36 in unpaid overtime premiums

- Leonardo Camilo—$9,694.50 in unpaid overtime premiums

- Carmen Da Silva—$2,341.56 in unpaid overtime premiums

- Juan Carlos Cruz—$10,206.00 in unpaid overtime premiums

- Ricardo Dos Santos—$11,937.00 in unpaid overtime premiums

- Elson Silva—$616.00 in unpaid overtime premiums

- Jose Izidoro—$1,200.00 in unpaid overtime premiums

- Nicos Kontis—$43,590.00 in unpaid overtime premiums

- Douglas Martinez—$7,590.00 in unpaid overtime premiums

- Olvin Ortega—$5,830.00 in unpaid overtime premiums

Spahl Decl. ¶ 15.

6

**Liquidated Damages and Willfulness**

41. Defendants were aware, prior to the Beleco Investigation and the Conco Investigation, of the requirement to pay employees one and one-half times their regular rates of pay for hours worked over 40 in a workweek. RFA No. 11.

42. Prior to the Beleco Investigation and the Conco Investigation, Defendants took no actions to determine if they were in compliance with the overtime and recordkeeping provisions of the FLSA. Defs.' Interrogatory Resp. No. 14.

43. Defendants Conco and Belezos have produced no evidence that they took any affirmative steps to determine whether their pay practices with respect to Nicos Kontis satisfied the minimum wage requirements of the FLSA. Spahl Decl. ¶ 16; Nessen Decl. ¶ 8.

**Recordkeeping Violations—29 U.S.C. § 211**

44. Defendants failed to keep an accurate record of the hours worked per day for at least one of the employees in this case. RFA No. 8; Spahl Decl. ¶ 17.

45. Defendants failed to keep an accurate record of the total hours worked per week for at least one of the employees in this case. RFA No. 9; Spahl Decl. ¶ 18.

46. Defendants failed to keep an accurate record of the cash wages paid to at least one of the employees in this case. RFA No. 10; Spahl Decl. ¶ 19.

<table>
<tr><td></td><td>Respectfully submitted,</td></tr>
<tr><td>Post Office Address:<br>Office of the Solicitor<br>J.F.K. Federal Building<br>Room E-375<br>Boston, MA 02203<br>Tel. (617) 565-2500<br>Fax (617) 565-2142</td><td>Elena S. Goldstein<br>Acting Solicitor<br><br>Maia S. Fisher<br>Regional Solicitor<br><br><br>Mark A. Pedulla<br>Counsel for Wage and Hour<br><br><br>*/s/ R. Peter Nessen*<br>R. Peter Nessen<br>Senior Trial Attorney<br>IL Bar No. 6243568<br>United States Department of Labor<br>Attorneys for Plaintiff<br><br>Date: May 7, 2021</td></tr>
</table>

7

**CERTIFICATE OF SERVICE**

I hereby certify this document, filed through the ECF system on May 7, 2021, shall be

sent electronically to all registered participants as identified on the Notice of Electronic Filing.

/s/ R. Peter Nessen
R. Peter Nessen
U.S. Department of Labor
Office of the Regional Solicitor
JFK Federal Building
Room E-375
Boston, MA 02203
IL Bar No. 6243568